## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

SCIELE PHARMA INC., ET AL.,　　　　　:

　　　　　　　Plaintiffs,　　　　　:

v.　　　　　　　　　　　　　　　:　　C.A. No. 07-664-GMS-LPS

MYLAN PHARMACEUTICALS INC., ET AL.,　:

　　　　　　　Defendants.　　　　:

---

SCIELE PHARMA INC., ET AL.,　　　　　:

　　　　　　　Plaintiffs,　　　　　:

v.　　　　　　　　　　　　　　　:　　C.A. No. 07-818-GMS-LPS

MYLAN PHARMACEUTICALS INC., ET AL.,　:

　　　　　　　Defendants.　　　　:

---

## ORDER

At Wilmington this **1ˢᵗ** day of **May, 2008**.

IT IS ORDERED that oral argument on defendants' motions to dismiss (D.I. 12, 8) and plaintiffs' motions for leave to file sur-reply brief (D.I. 25, 23) is hereby scheduled for **June 4, 2008 at 11:00 a.m.** in courtroom 2A before the Honorable Leonard P. Stark.  Scheduling issues will also be discussed during the hearing. Attached to this Order is a draft copy of the Magistrate Judge's Rule 16 Scheduling Order.  Counsel shall confer regarding proposed dates in the scheduling order, up to and including case dispositive motions, and shall submit their proposal to the Court no later than **three (3) business days** before the hearing.  Dates for the pretrial

conference and trial shall be determined at a later time.

Local counsel are reminded of their obligations to inform out-of-state counsel of this Order. To avoid the imposition of sanctions, counsel shall advise the Court immediately of any problems regarding compliance with this Order.

_____
UNITED STATES MAGISTRATE JUDGE

2

**DRAFT**

## SCHEDULING ORDER

This _____ day of _____, 200_, the Court having conducted an initial Rule 16

scheduling and planning conference pursuant to Local Rule 16.2(a) on _____,

200_, and the parties having determined after discussion that the matter cannot be

resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.    Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.

Unless otherwise agreed to by the parties, the parties shall make their initial disclosures

pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this

Order.  If they have not already done so, the parties are to review the Court's Default

Standard for Discovery of Electronic Documents, which is posted at

http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc

Committee for Electronic Discovery), and is incorporated herein by reference.

2.    Joinder of Other Parties and Amendment of Pleadings.  All motions to join

other parties, and to amend or supplement the pleadings shall be filed on or before

_____, 200_.

3.    Discovery.

a.    Limitation on Hours for Deposition Discovery.  Each side is limited

to a total of __ hours of taking testimony by deposition upon oral examination.

b.    Location of Depositions.  Any party or representative (officer,

director, or managing agent) of a party filing a civil action in this district court must

ordinarily be required, upon request, to submit to a deposition at a place designated

within this district.  Exceptions to this general rule may be made by order of the Court.

A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff

shall be considered as having filed an action in this Court for the purpose of this

provision.

       c.      <u>Discovery Cut Off</u>.  All discovery in this case shall be initiated so

that it will be completed on or before _____, 200_.  The Court encourages the

parties to serve and respond to contention interrogatories early in the case.  Unless

otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1

shall be strictly observed.

       d.      <u>Disclosure of Expert Testimony</u>.  For the party who has the initial

burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of

expert testimony is due on or before _____, 200_.  The supplemental disclosure

to contradict or rebut evidence on the same matter identified by another party is due on

or before _____, 200_.  Along with the submissions of the expert reports, the

parties shall advise of the dates and times of their experts' availability for deposition.

       e.      To the extent any objection to expert testimony is made pursuant to

the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993),

as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later

than the deadline for dispositive motions set forth herein, unless otherwise ordered by

the Court.

       f.      <u>Discovery Matters</u>.  Should counsel find they are unable to resolve

a discovery matter, the parties involved in the discovery matter(s) shall contact

chambers at (302) 573-4571 to schedule a telephone conference.  Not less than forty-

eight (48) hours prior to the conference, the party seeking relief shall file with the Court

a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on

those issues.  Not less than twenty-four (24) hours prior to the conference, any party

opposing the application for relief may file a letter, not to exceed three (3) pages,

outlining that party's reasons for its opposition.  Should any document(s) be filed under

seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within

one (1) hour of e-filing the document(s).  Should the Court find further briefing

necessary upon conclusion of the telephone conference, the Court will order it.

Disputes over protective orders or motions for extension of time for briefing case

dispositive motions which are related to discovery matters are to be addressed in the

first instance in accordance with this paragraph.

      4.      <u>Application to Court for Protective Order</u>.  Should counsel find it will be

necessary to apply to the Court for a protective order specifying terms and conditions

for the disclosure of confidential information, counsel should confer and attempt to

reach an agreement on a proposed form of order and submit it to the Court within ten

days from the date of this Order.  Should counsel be unable to reach an agreement on

a proposed form of order, the counsel must first follow the provisions of Paragraph 3(f)

above.

      Any proposed order should include the following paragraph:

> <u>Other Proceedings</u>.  By entering this order and limiting the
> disclosure of information in this case, the Court does not
> intend to preclude another court from finding that information
> may be relevant and subject to disclosure in another case.
> Any person or party subject to this order who becomes
> subject to a motion to disclose another party's information
> designated "confidential" [the parties should list any other

level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.    <u>Papers Filed Under Seal</u>.  When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6.    <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

7.    <u>Interim Status Report</u>.  On _____, 200_, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8.    <u>Status Conference</u>.  On _____, 200_, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at _____ _.m.  Plaintiff's counsel shall initiate the telephone call.  At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9.    <u>Tutorial Describing the Technology and Matters in Issue</u>.  The parties shall provide the Court by _____, 200_, a tutorial on the technology at issue. In that regard, each party may submit a videotape/CD of not more than 30 minutes.

The parties may choose to present the tutorial in person.  In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions.  If the parties choose to file videotapes/CDs, they should be filed under seal as part of the Court's file, subject to any protective order in effect.  Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape/CD tutorial.  Any such comment shall be filed within ten (10) days of submission of the videotapes/CDs.  As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

10.    Case Dispositive Motions.  All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before _____, 200_.  Briefing will be presented pursuant to the Court's Local Rules. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

11.    Claim Construction Issue Identification.  If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on _____, 200_, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court.  Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on _____, 200_.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A copy of the

patent(s) in issue as well as those portions of the intrinsic record relied upon shall be

submitted with this Joint Claim Construction Chart.  In this joint submission, the parties

shall not provide argument.

12.    Claim Construction.  The parties shall contemporaneously submit initial

briefs on claim construction issues on _____, 200_.  The parties'

answering/responsive briefs shall be contemporaneously submitted on _____,

200_.  No reply briefs or supplemental papers on claim construction shall be submitted

without leave of the Court.  Local Rule 7.1.3(4) shall control the page limitation for initial

(opening) and responsive (answering) briefs.

13.    Hearing on Claim Construction.  Beginning at _____ _.m. on

_____, 200_, the Court will hear evidence and argument on claim construction

and summary judgment.

_____14.    Applications by Motion.  Except as otherwise specified herein, any

application to the Court shall be by written motion filed with the Clerk.  Unless otherwise

requested by the Court, counsel shall not deliver copies of papers or correspondence to

Chambers.  Any non-dispositive motion should contain the statement required by Local

Rule 7.1.1.

_____

_____
                                             UNITED STATES MAGISTRATE JUDGE